**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**MICHAEL A. JACKSON,**

      **Petitioner,**

**vs.**                              **Case No. 4:09cv131-MP/WCS**

**STATE OF FLORIDA,
et al.,**

      **Respondents.**

_____/


<u>**REPORT AND RECOMMENDATION**</u>

      This is a petition for writ of habeas corpus filed by Michael A. Jackson pursuant to 28 U.S.C. § 2254.  Docs. 1 (petition) and 2 (memorandum).  Petitioner challenges four convictions for armed robbery, which resulted in four consecutive life sentences, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case numbers 02-1404, 02-1504, 02-1460, and 02-1573.[1]  Respondent filed a motion to dismiss and an answer on the merits, and the record  in paper form.  Doc. 25.

_____

      [1] The Circuit Court cases numbers are available on the docket of Petitioner's direct appeal.  Florida First District Court of Appeal docket number 1D02-3478; <u>Jackson v. State</u>, 871 So. 2d 880 (Table) (Fla. 1st DCA 2001).

References herein to exhibits are to the record in paper form.  Petitioner filed a traverse.
Doc. 29.

In the first report and recommendation, I recommended that the court find that
Petitioner is not entitled to equitable tolling and that the petition be dismissed as
untimely.  Doc. 16.  That report and recommendation is incorporated herein now by
reference.  Petitioner objected, admitting that 259 days elapsed from the finality of his
direct appeal and the filing of his Rule 3.850 motion.  Doc. 17, p. 2.  He also admits that
the rejection of his appeal from denial of his Rule 3.850 motion became final on May 13,
2008.  *Id*.  He admits that his public defender, who represented him in the Rule 3.850
proceedings, notified him by letter that his Rule 3.850 appeal had been denied.  *Id*.
Petitioner received this letter from his public defender on May 19, 2008.  Doc. 16, p. 4,
citing doc. 15, p. 1 (Petitioner's response to my show cause order).  As found in the first
report and recommendation, and not disputed by Petitioner, Petitioner had 106 days
after his Rule 3.850 appeal became final in which to file this § 2254 petition in this court.
Doc. 16, p. 4.  Absent equitable tolling, his time expired on August 27, 2008.  *Id*.  In
objections to the report and recommendation, Petitioner made some of the arguments
concerning equitable tolling that he had presented earlier, before I entered my report
and recommendation (that he did not know the case numbers of his state cases) and
then asserted that he did not receive his legal documents until October 13, 2008.  Doc.
17, p. 3.  The court noted this new assertion, and remanded to me to determine if this
new information (that Petitioner did not receive his legal documents until October 13,
2008) "has any effect on the timeliness of the petition."  Doc. 18, p. 2.

Section 2244(d) is subject to equitable tolling.  Holland v. Florida, __ U.S. __, 130

S.Ct. 2549, 2560, 177 L.Ed2d 130 (2010).[2]

> Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), aff'd, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).  Thus, we have concluded that equitable tolling is available only " 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' "  *Id.* (*quoting Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).

Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009).

> The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner.  Mere conclusory allegations are insufficient to raise the issue of equitable tolling.

San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), *pet. cert. filed* (May 20, 2011) (NO. 10-10678).

> Holland v. Florida further held:
>
> We have previously made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.
>
> \*                    \*                    \*
>
> The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.  Here, Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins – the central impediment to the pursuit of his legal remedy – removed from his case.  And, the very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

Holland v. Florida, 130 S.Ct. at 2562 and 2565 (citations and quotation marks omitted).

---

[2] This had been assumed, but had not yet been expressly decided, when the first report and recommendation was entered.  Doc. 16, p. 9, n. 5.

It will be assumed that Petitioner did not receive his legal documents until October 13, 2008, though the allegation is only conclusory, without proof.  That fact does not show that Petitioner is entitled to equitable tolling.  Petitioner brings four claims of ineffective assistance of trial counsel to this court in his § 2254 petition.  Doc. 1, pp. 4-5 (pp. 5-6 on ECF).  Petitioner had a public defender representing him in his Rule 3.850 proceedings.  Doc. 15, p. 1; Exhibit J, p. 2  (transcript of the Rule 3.850 evidentiary hearing).  Assuming that Petitioner properly exhausted state court remedies as to his ineffectiveness claims, those claims were set forth in his Rule 3.850 motion. As noted above, Petitioner was notified by letter from his public defender on May 19, 2008, that his Rule 3.850 appeal was denied.  Petitioner could have immediately requested a copy of his Rule 3.850 motion from his public defender and used it to draft a timely § 2254 petition.

Petitioner still does not address this simple flaw in his claim for equitable tolling. Doc. 29, pp. 1-3.  Unlike Petitioner Holland, *supra*, Petitioner here has not shown that he made *any* effort to contact his public defender.  *Id*.  Nor has he shown that he made any attempt to contact any state court, using his correct name.  He did not need a case number to do either of these things, and he did not need his legal papers, either.  He had 106 days to do so, but he did not do any of these things to identify the claims he wished to present in a § 2254 petition.  This petition should be dismissed as untimely.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties may make argument as to whether a certificate should issue by objections to this report and recommendation.

## Conclusion

Accordingly, it is **RECOMMENDED** that this petition for writ of habeas corpus filed by Michael A. Jackson pursuant to 28 U.S.C. § 2254, doc 1, challenging four convictions for armed robbery, which resulted in four consecutive life sentences, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case numbers 02-1404, 02-1504, 02-1460, and 02-1573, be **DENIED as untimely filed** and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2011.

**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

   A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.