IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL A JACKSON,

    Petitioner,

v.                                            CASE NO. 4:09-cv-00131-MP-WCS

WALTER MCNEIL, STATE OF FLORIDA,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 34, Report and Recommendation of the Magistrate Judge, which recommends that the petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied. Following its entry, petitioner timely objected to the Magistrate Judge's report and recommendation. Doc. 37. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews objected-to portions of the report and recommendation *de novo*.

Petitioner, Michael Jackson, was previously convicted of four counts of armed robbery and subsequently sentenced to four consecutive life sentences. Doc. 34. Thereafter, petitioner filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 34. The motion was denied. Consequently, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, again seeking post conviction relief. Doc. 34. Because petitioner failed to file his petition for habeas relief within the one-year period of limitation following judgement being entered by a state court as required by 28 U.S.C. § 2244(d)(1), however, the Magistrate Judge recommended that the petition be denied as untimely filed. Doc. 34. Petitioner has since filed an objection to the Magistrate Judge's report and recommendation,

arguing that under the Supreme Court's decision in *Holland v. Florida*, he is entitled to equitable tolling because he showed "reasonable diligence" in attempting to file his § 2254 petition within the statutorily allotted period.  __ U.S. __, 130 S. Ct. 2549, 2565 (2010).  Because this Court finds that petitioner failed to satisfy the standard set forth in *Holland*, the report and recommendation is accepted in full and the petition for habeas relief is denied.

In this case, petitioner argues that when he was relocated from one correctional facility to another, he was prohibited from taking his copy of the court record in this case with him. Accordingly, he argues, he was unable to prepare and file a timely habeas petition.[1]  Doc. 37. While petitioner allegedly "submitted several request[s] and informal grievances" to prison officials and to the prison law library in an effort to have his materials returned to him prior to the one-year period of limitation expiring, he failed to take advantage of the more appropriate measures readily available to him.  As the Supreme Court explained, the petitioner in *Holland*

> "not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court."[2]

---

[1]Petitioner contends, without supplying any evidence in support, that his copy of the court record was not returned to him until the one-year period of limitation had expired.  Doc. 37.

[2]Is should be noted that the Supreme Court did not decide that the steps taken by Holland were indicative of the "reasonable diligence" a petitioner must show to be entitled to equitable tolling, but instead, "[b]ecause the District Court erroneously relied on a lack of diligence, and because the Court of Appeals erroneously relied on an overly rigid per se approach," the Court remanded the case to the "Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail."  *Holland*, __ U.S. __, 130 S. Ct. at 2565.

*Id.* at 2565. What most distinguishes *Holland* and the instant case is the manner in which the two petitioners sought assistance. Holland not only contacted his counsel and the state courts, but he even went to the lengths of contacting the state court clerks and the state bar association. In this case, petitioner sought help only by sending complaints to those inside the prison system, while he could have just as easily contacted his counsel or motioned the court for an extension on his own.

The Supreme Court has previously made clear that a "petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005) (internal quotations omitted)). While this does not mean that a petitioner must have exercised "maximum feasible diligence," it does require that he have exercised "reasonable diligence." *Holland*, __ U.S. __, 130 S. Ct. at 2565 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326, 116 S. Ct. 1293, 1300 (1996)). Because petitioner has not done so, he is not entitled to equitable tolling and his petition must therefore be denied as untimely pursuant to 28 U.S.C. § 2244(d)(1).

Petitioner did not object to the Magistrate Judge's recommendation that a certificate of appealability be denied. The time for doing so has now passed. *See* 28 U.S.C. § 636(b)(1)(C). Finding no plain error, this Court accepts the recommendation. Accordingly it is

    **ORDERED AND ADJUDGED:**

    1.    The Report and Recommendation of the Magistrate Judge, Doc. 34, is ACCEPTED and incorporated herein.

2. The petition for writ of habeas corpus, Doc. 1, is DENIED.

3. Certificate of Appealability is DENIED pursuant to § 2254 Rule 11(a).

**DONE AND ORDERED** this  *14th*  day of October, 2011

> *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge